UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

"IN ADMIRALTY"

WINSTON KNAUSS,

Plaintiff,

vs.

CASE NO.

M/V "CANAVERAL STAR" f/k/a M/V
"EXCALIBUR" f/k/a M/V "MR.
WINSTON", an 85' passenger vessel,
U.S.C.G. Official No.1056516, her
masts, towers, boilers, cables, engines,
appurtenance, etc., *in rem*,

Defendant.

_____/

# **00-7779**

# **CIV-JORDAN**

MAGISTRATE
BANDSTRA



## **COMPLAINT IN ADMIRALTY**

Plaintiff, WINSTON KNAUSS ("KNAUSS"), for his Complaint to foreclose a

First Preferred Ship Mortgage and maritime lien against the Defendant, M/V

"CANAVERAL STAR" (herein after "Defendant Vessel"), a 85' U.S. documented

passenger vessel, U.S.C.G. Official No. 1056516, her masts, towers, boilers,

cables, engines, machinery, sails, bowsprits, furniture, fittings, tools, pumps, radar,

and other electronic or other equipment and supplies, appurtenances, and all fishing

and other attachments and accessories now part of the Defendant Vessel, etc., and

all other necessaries thereto appertaining and belonging, states on information and

belief as follows:

1.      This is a case of Admiralty and Maritime jurisdiction under 28 U.S.C. §1333(1) and Supplemental Rule C, as hereafter more fully appears, and is an Admiralty or Maritime claim within the meaning of Rule 9(h).

2.      The Plaintiff, KNAUSS, is a U.S. citizen and resident of Broward County, State of Florida.

3.      The Defendant Vessel, M/V "CANAVERAL STAR," is a 1997 eighty-five foot (85') U.S. documented passenger vessel bearing Official No. 1056516 as documented through the United Stated Coast Guard National Vessel Documentation Center.  The documented owner of the Defendant Vessel, M/V "CANAVERAL STAR," is Space Coast Cruises Trust (hereinafter Space Coast).

4.      The Defendant Vessel is now within this District and within the jurisdiction of this honorable Court sitting in Admiralty.

5.      On or about December 14, 1998, Camelot Casino Cruises, Inc. as owner of the Defendant Vessel granted a First Preferred Ship Mortgage ("Mortgage") on the Defendant Vessel in favor of KNAUSS in the amount of Nine Hundred fifty Thousand Dollars and No Cents ($950,000.00 U.S.) plus interest and other allowable costs and expenses.  A copy of the First Preferred Ship Mortgage is attached hereto as Exhibit "A."

6.      On or about December 28, 1998, the First Preferred Ship Mortgage was recorded as required by 46 U.S.C. §31321 with the U.S. Coast Guard Documentation Office in Falling Waters, West Virginia, in Book 99-07, Page 411,

thereby perfecting it as a First Preferred Ship Mortgage within the meaning of 46 U.S.C. §31322.

7.     The aforesaid First Preferred Ship Mortgage secured a Promissory Note ("Note"), executed on or about December 3, 1998, a copy of which is attached hereto as Exhibit "B;"

8.     On or about March 13, 2000, Space Coast, as purchaser and new owner of the Defendant Vessel, assumed the First Preferred Ship Mortgage ("Mortgage") on the Defendant Vessel in favor of KNAUSS in the amount of Nine Hundred fifty Thousand Dollars and No Cents ($950,000.00 U.S.), plus interest and other allowable costs and expenses.   A copy of the Assumption of First Preferred Ship Mortgage is attached hereto as Exhibit "C."

9.     On or about June 7, 2000, the Assumption of the First Preferred Ship Mortgage was recorded as required by 46 U.S.C. §31321 with the U.S. Coast Guard Documentation Office in Falling Waters, West Virginia, in Book 00-65, Page 359, thereby perfecting it as a First Preferred Ship Mortgage within the meaning of 46 U.S.C. §31322.

10.    The Assumption of First Preferred Ship Mortgage secured a Promissory Note ("Note") executed on or about March 13, 2000, a copy of which is attached hereto as Exhibit "D;" and said Assumption included an agreement to comply with all outstanding obligations of the Mortgage and Mortgage Note.

3

11.    Space Coast Cruises, has failed to comply with the requirements of the First Preferred Ships Mortgage it had assumed and is therefore in default in the following manner:

a.    Space Coast Cruises cancelled insurance, or allowed insurance to lapse on the vessel on or about November 28, 2000, in violation of Paragraph 15 of the Preferred First Ships Mortgage;

b.    Space Coast Cruises further encumbered the vessel and allowed Harding Investment Fund, Inc. to achieve lienor status and to place a lien on the vessel in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00 U.S.), in violation of Paragraph 24(1) of the Preferred First Ships Mortgage;

c.    Space Coast Cruises allowed the vessel to waste and become less valuable other than through normal depreciation, in violation of Paragraph 24(a) of the Preferred First Ships Mortgage; and

d.    Space Coast Cruises, thru trustee, Bernie Weintraub, informed Knauss that as of December 1, 2000, Space Coast Cruises would not be able to comply with its financial obligations under the Promissory Note (Exhibit D) and the Preferred First Ships Mortgage that it had assumed (Exhibit A).

12.    KNAUSS and the mortgagor, Space Coast Cruises, a revocable Trust, have arrived at an amicable and voluntary transfer of possession of the vessel to WINSTON KNAUSS, and KNAUSS has repossessed the vessel, without a breach of

4

the peace, as is his right under Paragraph 24(c) and (d) of the Preferred First Ships
Mortgage (Exhibit A).

13.    According to the Abstract of Title for the Defendant Vessel obtained
from the U.S. Coast Guard, the following persons or entities have also recorded
claims of lien against the Defendant Vessel for which no satisfaction has been
recorded, which claims are believed to be inferior to the First Preferred Ship
Mortgage of Plaintiff, KNAUSS:

      a.    Camelot Casino Cruises, Inc.
          1906 Highway 35
          Oakhurst, NJ 07755

      b.    Harding Investment Funds, Inc.
          2265 Lee Road
          Suite 103
          Winter Park, FL 32789

A copy of the Coast Guard Abstract of Title is attached hereto as Exhibit
"E."

14.    Despite demand by the Plaintiff, KNAUSS, the defaults under the
Mortgage and Note have not been cured, and there presently remains outstanding
the sum of Nine Hundred Fifty Thousand Dollars and No Cents ($950,000.00 U.S.)
in principal together with interest due thereon, which is due to the Plaintiff,
KNAUSS, by the Defendant Vessel and its owner, Space Coast, with interest
continuing to accrue from December, 1, 2000, at the rate of ten percent (10%)
under the terms of the Mortgage and Note, accelerated pursuant to Paragraph 24
(B) of the First Preferred Ships Mortgage.

15.    The First Preferred Ships Mortgage provides remedies in pertinent part:

5

24. DEFAULT, ACCELERATION & REPOSSESION:

(B) ENTIRE BALANCE DUE: If I am in default, you may require that the unpaid balance of the amount financed be paid in full with accrued interest; but no prepayment credit is required because interest is not computed in advance for the term of the Debt unless the Promissory Note provides for such penalty. In the case of declaration of default and demand for payment in full, or after maturity of the Promissory Note, the unpaid balance shall bear interest at the interest rate applicable under the Promissory Note. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the rate of interest applicable under the Promissory Note, or if not permitted by law, at the highest lawful rate of interest under the Law of the STATE OF FLORIDA.

(C) REPOSSESSION: you have the right to repossess the Boat without a Court Order if I default under the Promissory Note or this Mortgage; otherwise you have the right to foreclose in Federal Court under the Maritime Laws of the United States. You may demand that I assemble the Boat and all equipment covered by this Mortgage.

16. Because of the foregoing, the Plaintiff, KNAUSS, has been required to retain the services of the law firm of Valle & Craig, P.A., in order to enforce his rights under the First Preferred Ship Mortgage and Promissory Note and foreclose his preferred maritime lien against the Defendant Vessel, and is obligated to pay them a reasonable fee plus costs and expenses for their services on his behalf, said fees and costs constituting an element of and are secured by the preferred maritime lien referred to hereinabove, and are entitled to the same status and priority.

17. The unpaid First Preferred Ship Mortgage constitutes a preferred maritime lien on the Defendant Vessel, M/V 'CANAVERAL STAR," pursuant to 46 U.S.C. §31322 and Supplemental Rule C which is due and owning to Plaintiff, KNAUSS.

6

18.   All conditions precedent to this action have occurred or have been waived.

WHEREFORE, Plaintiff, WINSTON KAUSS, prays:

a.   That a Warrant for the arrest of the Defendant Vessel, M/V "CANAVERAL STAR," her masts, towers, boilers, cables, engines, machinery, sails, bowsprits, furniture, fittings, tools, pumps, radar, appurtenances, and other electronic or other equipment and supplies, and all fishing and other attachments and accessories now part of the Defendant Vessel, etc., and all other necessaries thereto appertaining and belonging, may issue, and that all persons claiming any interest therein may be cited to appear and answer the matters set forth herein;

b.   That process in due form of law issue against the Defendant, summoning it to appear and answer, under oath, the matters aforesaid;

c.   That a judgment be entered in favor of Plaintiff, KNAUSS, for the amount of his claim, with prejudgment interest, attorneys' fees, expenses and costs, and that the Defendant Vessel, M/V "CANAVERAL STAR," her masts, towers, boilers, cables, engines, machinery, sails, bowsprits, furniture, fittings, tools, pumps, radar, appurtenances, and other electronic or other equipment and supplies, and all fishing and other attachments and accessories now part of the Defendant Vessel, etc., and all other necessaries thereto appertaining and belonging, may be condemned and sold to pay the same;

d.       That the First Preferred Ship Mortgage in favor of Plaintiff,

KNAUSS, be declared a valid and existing preferred maritime lien in the

amount claimed herein as provided in said Mortgage and Note, together with

all amounts required to be disbursed for the care and preservation and

insurance on said vessel, and that all costs, including attorneys' fess and

expenses, incurred by Plaintiff, KNAUSS, be taxed as costs and/or awarded

against the Defendant Vessel, M/V "CANAVERAL STAR," and that the First

Preferred Mortgage be declared prior and superior to the claims and interests

of all other persons, firms or corporations whatsoever;

e.       That it be declared that any and all persons, firms or

corporations claiming any interest in the Defendant Vessel, M/V

"CANAVERAL STAR," are forever barred and foreclosed of and from all

rights or equity or redemption or claim of, in and to said vessel and every

part thereof; and

f.       That Plaintiff, WINSTON KNAUSS, may have such other and

further relief as the justice of the cause may require.

LAURENCE F. VALLE, Trial Counsel
Florida Bar No. 121382

VALLE & CRAIG, P.A.
Counsel for Plaintiff,
WINSTON KNAUSS
80 Southwest 8th Street -Suite 2520
Miami, Florida 33130
Telephone: (305) 373-2888
Facsimile:   (305) 373-2889

8

## VERIFICATION BY PLAINTIFF

STATE OF FLORIDA    )
                    )  :SS
COUNTY OF           )

WINSTON KNAUSS, being duly sworn, deposes and says:

I am the Plaintiff, WINSTON KNAUSS. I have read the foregoing

Complaint and know the contents thereof and statement therein are true to

the best of my knowledge, information and belief.

WINSTON KNAUSS

The foregoing instrument was acknowledged before me this 5th

day of $\underline{December}$ 2000, by WINSTON KNAUSS, who is personally known

to me. $D. L.$ $K530 \cdot 892 - 41 - 370 - 0$

Printed Name: $Gloria Winberly$
Notary Public – State of Florida
My Commission Expires:

Gloria Wimberly
My Commission CC862629
Expires August 12, 2003

# FIRST PREFERRED SHIP'S MORTGAGE

A.S.A.P. YACHT DOCUMENTATION & REGISTRATION, INC.
137 SE 2ND AVENUE, DANIA, FLORIDA 33004

FIRST PREFERRED SHIP'S MORTGAGE dated _DECEMBER  14_, 1998 Under the Commercial Instruments and Maritime Lien , and it's amendment(s) securing a Promissory Note or Installment Note dated _DECEMBER  3_, 1998.

This is a Preferred Ship's Mortgage on the Vessel named  EXCALIBUR  which is being created under Federal Law. The amount of this Mortgage is required to be shown by the Ship Mortgage Act of 1920, and it's Amendment(s), in the Loan Amount of $950,000.00. This Mortgage also secures repayment of simple Interest as it accrues or pre computed Interest to appropriate prepayment credit and performance of Mortgage representations, warranties and promises.

1. PARTIES:
 MORTGAGOR(S)
 CAMELOT CASINO CRUISES, INC.
 1506 HIGHWAY 35
 OAKHURST, NEW JERSEY 07755

 MORTGAGEE
 WINSTON KNAUSS
 416 NORTH NEW RIVER DRIVE EAST
 FORT LAUDERDALE, FLORIDA 33301

SOLE OWNER
100%                                            100%

The words I, Me, Mine, We and Our, mean everyone (Individual(s), Partners, or Corporations) who sign this Mortgage as Mortgagor and, where applicable, other Owner(s), and the Personal Representative(s), Successor(s) and Assign(s) of Mortgagor and any other Owner. The words You and Your mean the Mortgagee and anyone who has Mortgagee's rights under this Mortgage. If this Mortgage is given by a Corporation, the words It and It's may also mean Corporation.

2. DESCRIPTION OF BOAT: The Boat covered by this Mortgage is Described below and is not a Towboat, Barge, Scow, Lighter, Car Float, Canal Boat or Tank Vessel of 25 Gross Tons, as such words in 46 U.S.C. Sec. 922.

NAME OF VESSEL:  EXCALIBUR
HOME PORT: FALLING WATERS, WV        HAILING PORT: TARPON SPRINGS, FL.       OFFICIAL NO: 1056516
BUILD: MARINE BUILDERS, INC.         YEAR BUILT:  1997                        HULL ID.NO.  205
SUMMER MOORING:   _TARPON  SPRINGS,  FLORIDA_
WINTER MOORING:   _TARPON  SPRINGS  FLORIDA_

3. MULTIPLE MORTGAGES: Each person who signs this Mortgage as Mortgagor will be responsible for the full amount of the Debt and everything required of Mortgagor, unless specifically stated otherwise below. You may sue one Mortgagor without joining or notifying any Co-Mortgagor. You do not have to notify one Mortgagor that another has defaulted under this Mortgage. You may give one Mortgagor extensions to pay or change or release his responsibility without releasing any Co-Mortgagor in the same way. Each person who signs this Mortgage as an Owner makes all of the Title Warranties but none of the other promises.

4. MORTGAGE DEBT: This Mortgage secures my obligation (the Debt) now due, or which may become due in the future to you under this Mortgage, and under the Promissory Note which is now held by you, given by me as Borrower to  WINSTON KNAUSS, as lender, to be secured by this Mortgage on the Boat described above.

5. PROMISE TO PAY:  I will pay and perform this Debt.

6. GOVERNING LAW: The parties have chosen Federal Law, including but not limited to 46 U.S.C. Section 922 and the sections following the Ship Mortgage Act of 1920, and it's amendment(s), to cover all of the provisions of this Mortgage. In particular 46 U.S.C. Sec. 926(d) covers the interest provisions of the Promissory Note and this Mortgage.  If there are gaps in Federal Laws or to non-interest provisions, and only to such extent, the law of the STATE OF FLORIDA  shall govern this Mortgage.

7. MORTGAGE: To secure the Debt, I mortgage to you the whole of the Boat named above and further described in her last Marine Document, together with all masts, towers, boilers, cables, engines, machinery, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, bowsprits, furniture, fittings, tools, pumps, radar, and other electronic or other equipment and supplies, and all fishing and other attachments and accessories, now part of the Boat (all called the Boat). If I am not a Corporation, and the boat was purchased primarily for my own non-business use, the lien of this Mortgage shall not cover any items added to the boat more than 10 days after the date of the Promissory Note that are not made a part of the Boat. These excludable items however, must be identified in writing for your or any appropriate Court Officer before any duly noticed resale of the Boat. In any event, this Mortgage shall cover only items which may be Mortgaged under the Ship Mortgage Act of 1920, and it's amendment(s). Although you do not intend to cover any property other than the "vessel" as defined in the Ship Mortgage Act, if a Court says that this Mortgage does cover such other property ("Other Property"), then I can have the "Other Property" separately released from this Mortgage by paying 80% of the then outstanding balance of this Mortgage after any appropriate prepayment credit. Release of such "Other Property" from this Mortgage does not release it from any Security Agreement besides this Mortgage.

8. CITIZENSHIP: I am, and shall continue to be, a Citizen of the United States of America, until this Mortgage is fully paid. If this Mortgage is signed by a Corporation or Partnership, then I certify that at least 75% of the Ownership is, and shall continue to be citizens of the United States of America, until this Mortgage is fully paid.

9. RIGHT TO OWN & OPERATE: The Boat is Documented in my name under the Laws of the United States of America. I am the Sole Owner of the Boat and shall remain entitled to own and operate the Boat under her Marine Document. If this Mortgage is given by a Corporation, the Corporation is properly Incorporated and exists in good standing order under the Laws of the State of Incorporation.

10. MARINE DOCUMENT: I shall maintain the Marine Document of the Boat in full force and effect, and comply with State Registration Laws wherever the Boat may be.

11. SIGNING AUTHORIZATION & VALIDITY:  I have signed, or authorized and directed the signing of all papers and taken all actions necessary for the signing and delivery of this Mortgage, the Good Faith Affidavit and the Promissory Note which created the Debt and this Mortgage. (If this Mortgage is given by a Corporation, the Board of Directors have authorized and directed the signing of all papers and taken all actions necessary for the signing and delivery of this Mortgage, the Good Faith Affidavit, and the Promissory Note which created the Debt secured by this Mortgage). The Promissory Note and Mortgage are valid and enforceable.

**EXHIBIT** A

13. I'd far warrant title to the Boat. This means that I am responsible for your expenses or losses if anyone else successfully claims to own the Boat or interest in it.

14. RISK OF LOSS: Damage, destruction, or other loss of the Boat will not release me from my obligation to you. I will let you know as soon as I can if the Boat becomes damaged or destroyed or disappears.

15. INSURANCE & NOTICE OF LOSS: Until I have paid the Debt in full, I will insure the Boat at all times for it's full insurable value (what it is actually worth) unless you require a replacement cost, up to the amount I owe you under this Mortgage. The Boat must be insured against fire, theft, collision, liability to others for property damage, damage caused by water and weather conditions, and such other hazards as you may reasonably ask me to cover. The Insurance Company must be reasonably acceptable to you. Such Insurance must protect you as well as me. Such insurance must name you and/or your assigns as Mortgagees as additional Insured and further provide that policies may not be canceled with the Insurance Company providing you and/or your assigns with ten (10) days prior written notice. The Insurance Policy must be written for at least one year at a time. I must pay the premium in advance at the beginning of the policy year. I must give you a bill from the Insurance Company or it's agent, or a copy of the declaration sheet of the policy for the new period showing the dollar limits, premium paid, name(s) of insured and the cancellation notice provisions described above. I have authorized the Insurance Company to pay any loss to you. You may sign any proof of loss and authorize any check, draft, or other form of payment issued by the Insurance Company or it's agent as a loss payment. If I do not have the Insurance at closing, or at any time soon after the closing, you may buy insurance to protect you and me, or yourself only, and I will pay the premiums at your request with interest at the Loan Rate(s) in effect under the Promissory Note.

16. USE OF THE BOAT: I will not sell the Boat, pledge it as security, give it away, or permit it's use for any illegal purpose or let anyone seize the Boat. If I take the Boat to another country, I will comply with the laws of the country(ies) and with any treaty(ies) between those countries and the United States of America. Use of the Boat shall be only for the purpose(s) and in the manner set forth in the application for Insurance and executed in connection thereof.

17. LOCATION OF THE BOAT: I will not remove the Boat from it's anchorage shown in Paragraph 2 of this Mortgage, for any period beyond thirty (30) days, without your prior written approval.

18. DISPLAY OF DOCUMENT ON BOAT: I will prominently display the Marine Document in the Pilot House, Chart Room, or Master's Cabin. I will also keep a copy of the Recorded First Preferred Ship's Mortgage with the Boat's Papers and will show them to all persons having business with the Boat, and to you upon demand.

19. BILLS & TAXES: I shall pay when due, any repair bills, storage bills, taxes, fines or other charges on the Boat. You may pay any of these Bills if I do not. If you do, I will repay you on demand, with interest at the Loan Rate(s) in effect under the Promissory Note.

20. CARE OF THE BOAT: I will keep the Boat in good condition and repair.

21. GOVERNMENT SEIZURE: I will notify you promptly by telephone, confirmed by telegraph or cable if the Boat is libeled, attached, seized, detained, or levied upon or taken into custody by any court of authority. I will immediately take steps to have the Boat released. If the Boat is arrested or detained by any Government Authority, I authorize you or your agent in my name to receive or take possession of the Boat and defend any action and/or discharge my lien.

22. INSPECTION OF BOAT & BOOKS: I will at all times, let you inspect the Boat and it's cargo, and papers and examine any related accounts and records, and shall tell you quarterly, or monthly, if you request, that all wages and other claims which might create a lien on the Boat, have been paid. From time to time, I shall sign and deliver to you, any documents and assurances that you or your attorney may require to maintain priority of this Mortgage and to help you carry out resale of the Boat in the event it becomes necessary for you to repossess it. If this Mortgage is given by a Business Entity, it will give you annual and other periodic financial reports you may reasonably request.

23. LATE CHARGES, ATTORNEY FEES & COURT COSTS: I agree to pay any late charges that become due under the Promissory Note, attorney fees, court costs, and any other expenses, losses, charges, or damages incurred or advances made by you the Mortgagee in the protection of it's rights or caused by Owner's default herein under or under the Promissory Note.

24. DEFAULT, ACCELERATION & REPOSSESSION:

(A) DEFAULT: I will be in default if: I have made a false or misleading statement about any important fact in this Mortgage, or in the related Promissory Note application; or I do not make any payment when due; or I die or become insolvent; or I file for Bankruptcy or similar relief or creditors file for bankruptcy against me; or I let someone put a lien on the Boat; or the Boat lessens in value or becomes valueless other than through normal depreciation; or my ability to make timely payments is cut off; or I break any promise I have made in this Mortgage or in the Promissory Note; or anything else happens that you in good faith and with reasonable cause to believe may endanger my ability to pay this Mortgage. IF THIS MORTGAGE IS GIVEN BY A CORPORATION, you may also request full payment if shares of it's capital stock are sold or transferred to anyone who was not a guarantor of the obligation secured by this Mortgage at the time that the Promissory Note was signed, or the Corporation ceases doing business as a going concern or makes an assignment for the benefit of creditors, liquidates substantially all of it's assets or files for dissolution.

(B) ENTIRE BALANCE DUE: If I am in default, you may require that the unpaid balance of the amount financed be paid in full with accrued interest; but no prepayment credit is required because interest is not computed in advance for the term of the Debt unless the Promissory Note provides for such penalty. In the case of declaration of default and demand for payment in full, or after maturity of the Promissory Note, the unpaid balance shall bear interest at the interest rate applicable under the Promissory Note. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the rate of interest applicable under the Promissory Note, or if not permitted by law, at the highest lawful rate of interest under the Laws of the STATE OF FLORIDA.

(C) REPOSSESSION: You have the right to repossess the Boat without a Court Order if I default under the Promissory Note or this Mortgage; otherwise you have the right to foreclose in Federal Court under the Maritime Laws of the United States. You may demand that I assemble the Boat and all equipment covered by this Mortgage.

(D) EFFECT OF REPOSSESSION: Provided that your repossession of the Boat is accomplished without a breach of peace, I agree to waive all defenses available to me under the Uniform Commercial Code or other applicable laws pertaining to such repossession.

25. REDEMPTION: If you repossess the Boat, I can get it back by paying all past due installments, including interest, late charges, collection expenses and attorney fees, including your cost of taking the Boat, moving, storage and similar expenses, when I redeem it. My right to redeem will end when the repossessed Boat has been sold. You agree to provide me with written notice of any repossession sale by mailing such notice to the address indicated in Paragraph 1 of this Mortgage.

26. SALE OR USE OF REPOSSESSED BOAT: If you repossess the Boat, you may, in my name, lease, charter, operate or use the Boat as you think advisable, being accountable for net profits, if any, and keep the Boat free from charge at my premises or elsewhere, at my expense. For this purpose, and subject to any State and/or Federal Regulations, you or your agent are irrevocably appointed my true and lawful attorneys-in-fact to make all necessary transfers of the Boat upon resale after repossession for me and in my name.

27. RESALE CREDIT: If you resell the Boat, any late charges, costs of taking the Boat, storage, costs of sale, (cleaning, repairing, auctioneer's fees, marshal's fees, sales commissions, and advertising), cost of insurance, allowable attorney fees and court costs will be subtracted from the price at which the Boat is sold after repossession. The difference, if any, would be my resale credit. If I owe more than the resale credit, I will pay you the deficiency. If I owe less than the resale credit, I will receive the surplus.

29. RECEIVER. In any legal action, you may have a receiver appointed for the Boat and it's earnings. Any receiver shall have full rights and authority to hold the Boat and obtain payment of monies due me or the sale or other disposition of the Boat.

30. USE OF THE BOAT BY OWNER: Unless I violate this Mortgage, and you repossess the Boat, I shall be permitted to retain actual possession and use of the Boat.

31. TIMELY PAYMENTS: All payments which are required must be made on the due date. Except as provided in Paragraph 24 above, there are no grace periods provided in this Mortgage. If I require additional time to make a payment, I understand that I must obtain authorization or approval for making a late payment in writing, in advance.

32. ADDITIONAL SECURITY: This Mortgage is given as additional security to my Debt.

33. INVALID PROVISIONS: If any provision of this Mortgage cannot be enforced the rest of the Mortgage will stay in effect.

34. AMENDMENTS: Any change in the terms of the Mortgage must be made in writing and signed by both you and me.

35. CONDITION OF THE BOAT: I hereby acknowledge that neither you, nor any of your agents or assigns have made any representations, oral or written, of any nature pertaining to the Boat or it's operation. I further acknowledge that neither you nor your assigns manufactured the Boat; therefore, in the event of any legal proceedings filed by you arising out of the Promissory Note or the Mortgage, I waive any and all defenses available to me at Law against you, your agents or assigns, arising out of the Sale or Operation of the Boat.

On the day and year first written above, I/We have signed this Mortgage, or caused this Mortgage to be signed in my, or the Corporate, or Partnership name, by the proper authorized officers.

BY: SOLOMON DWEK, as
Personal Guarantor

BY: SOLOMON DWEK, as Vice President of
Camelot Casino Cruises, Inc.

*********************************************************************************************

### AFFIDAVIT AS TO GOOD FAITH, LIENS, ETC...

STATE OF: New Jersey          COUNTY OF: Monmouth

S.S.   SOLOMON DWEK

being duly/severally sworn, deposes and says that   he/she/they   is/are   the Mortgagor(s) described herein and who executed the foregoing Mortgage, and that the Mortgage is made in good faith and without any design to hinder, delay, or defraud any existing or future creditors of the Mortgagor or any lien on the Mortgaged Boat. There are no liens, encumbrances, charges or Mortgages outstanding against the Boat, other than the lien of the foregoing Mortgage. If the Mortgagor is a Corporation, this affidavit is made pursuant to the authorization of the Board of Directors.

BY: SOLOMON DWEK

..............................................................................................................

### CORPORATE ACKNOWLEDGMENT

STATE OF: New Jersey          COUNTY OF: Monmouth

The foregoing instrument was acknowledged before me this 14 day of December 1998, by SOLOMON DWEK as AS VICE PRESIDENT OF CAMELOT CASINO CRUISES, INC., A STATE OF FLORIDA CORPORATION, on behalf of the Corporation. He is personally known to me or has produced _____ as identification, and did/did not take an oath.

BY: SOLOMON DWEK

*********************************************************************************************

### NOTARY ACKNOWLEDGMENT

STATE OF: New Jersey          COUNTY OF: Monmouth

The foregoing instrument was acknowledged before me this 14 day of December 1998 by SOLOMON DWEK who is personally known to me or has produced _____ as identification and did/did not take an oath.

(notary seal)

_____
Signature of Notary

_____
Name of Notary Printed, Typed or Stamped

OFFICIAL SEAL
TARA A. CAMPAGNA
Notary Public - New Jersey
My Commission Expires
JULY 19, 2000

PROMISSORY NOTE
00-cv-07779-AJ Document 1 Entered on FLSD Docket 12/06/2000 Page
State of *New Jersey*   County of: *Monmouth*

For value received, the undersigned *SOLOMON DWEK*, jointly and severally promises to pay to the order of *WINSTON KNAUSS*

the principal sum of *$950,000.00* together with interest thereon from the *1st* day of *December 1998* at the rate of *10%* simple interest per annum until maturity. Said interest being payable beginning on the *1st* day of *January 1999*, without notice, and monthly thereafter, interest being payable in lawful money of the United States of America, to

*WINSTON KNAUSS*
*426 NORTH NEW RIVER DRIVE EAST*
*FORT LAUDERDALE, FLORIDA 33301*

or at such other place as the holder hereof may designate in writing. Interest payable in *24 installments of $7916.67* per month beginning on the *1st* day of *January 1999*, and continuing until the *1st* day of *December 2000*. Each installment payment shall be interest only.

On, *the 1st day of January, 2001 the last installment is due in its entirety in the amount of $950,000.00*. Any non payment in full will be considered a default in the terms of this note.

Each maker and endorser severally waives demand, protest and notice of maturity, non-payment or protest and all requirements necessary to hold each of them liable as makers and endorsers.

Each maker and endorser further agrees, jointly and severally, to pay all costs of collection, including attorney's fees in case the principal of this note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

Each maker and endorser further agrees, jointly and severally, to pay all costs involved with repossession, storage, maintenance, repairs, etc., including attorney fees, should it become necessary for Holder hereof to repossess the vessel.

This note and deferred interest payments shall bear interest at the rate of *10 %* per annum from maturity until paid. There shall be no prepayment penalty.

Prepayment of principal in amount less than sum owed shall be acceptable. In the event of prepayment, monthly payments shall be adjusted to 10% simple interest per annum of the then outstanding principal balance.

If any installments of principal and/or interest or late fees are not paid when due, then this note shall be in default, and if the default is not cured within 10 days after delivery of written notice of default to the last known address of the maker, then (1) at the holder's option and without further notice, the entire unpaid balance of principal and all accrued interest and all accrued late payment penalties, shall immediately become due and payable, and, (ii) this note shall bear interest at the rate of *10%* per annum during any period of default. Notwithstanding the foregoing, if the interest and other charges exceed the maximum lawful rate under applicable usury laws, then the interest and other charges under this note shall be reduced to the maximum lawful rate.

A late payment penalty of 10% ($791.67) per month shall be due, if payment is 5 days or more late. The late payment penalty shall not be applied to either principal or interest.

This Note is secured by a First Preferred Ships Mortgage, placed against the Vessel, *one 1997 85' Marine Builders, Inc.,* known as *SIR WINSTON,* bearing the *Official No of 1056516* and the *Hull Identification Number of 205* and is to be construed and enforced according to Federal Law, but where there are gaps in Federal Law, the Laws of the State of *Florida* shall prevail.

**EXHIBIT** B

Promissory Note - page 2 of 2

It is also agreed by Owner, **WINSTON KNAUSS**, that should the note be paid in full by January 1, 1999, then the total sale price of the vessel shall be reduced by Fifty Thousand United States Dollars ($50,000.00).

The Note and the Mortgage can be assignable to any Corporation or Entity to be formed in which Solomon Dwek is a Shareholder or Owner, and would not relieve Solomon Dwek of any personal liability unless expressly agreed to by all parties in writing.

It is also agreed by borrower, that the vessel shall be fully insured and that the **"First Loss Payee"** shall be **WINSTON KNAUSS**, who will also be **"Additional Insured"**, until the note is paid in full.
Except for any notice specifically provided above, the undersigned waives demand, protest and notice of demand, protest and nonpayment.
This note is binding on the all parties, their successors and heirs.

Signature: *SOLOMON DWEK*

(Maker(s) and Endorser(s))

The foregoing instrument was acknowledged before me this 3rd day of _December_, 1998 by *SOLOMON DWEK*, who is personally known to me, or has produced _____ as identification, and who did/did not take an oath.

(notary seal)

Notary Signature

Printed or Typed Name of Notary.

**OFFICIAL SEAL**
**TARA A. CAMPAGNA**
Notary Public - New Jersey
My Commission Expires
JULY 19, 2000

## ASSUMPTION OF FIRST PREFERRED SHIP'S MORTGAGE

THIS ASSUMPTION OF PREFERRED SHIP MORTGAGE AGREEMENT made this _13_ day of March, 2000, by and among WINSTON KNAUSS, 426 N. New River Drive East, Fort Lauderdale, Florida 33301 (herein called the "Mortgagee"), and CAMELOT CASINO CRUISES, INC., 200 Wall Street, W. Long Branch, New Jersey 07764 (herein called the "Former Mortgagor") and BERNIE WEINTRAUB, as Trustee of the SPACE COAST CRUISES Revocable Trust dated 8/19/99, 604 Shorewood Drive, B-402, Cape Canaveral, Florida 32920 (herein called the "New Mortgagor").

WHEREAS, the Former Mortgagor did execute and deliver to the Mortgagee a Preferred Ship Mortgage dated the 14th day of December, 1998, on the vessel EXCALIBUR, to be renamed the CANAVERAL STAR, which Mortgage secured a Mortgage Note in the amount of $950,000.00 plus interest, which Mortgage was duly filed at U.S. Coast Guard National Vessel Documentation Center on the 28th day of December 1998, at 10:15 a.m. and recorded in Book 99-07, Page 411. The New Mortgagor is now the sole owner of the vessel.

NOW, THEREFORE, in consideration of the premises and mutual covenants and promises contained therein, the parties hereto have agreed as follows:

1.    The New Mortgagor, BERNIE WEINTRAUB, as Trustee of the SPACE COAST CRUISES Revocable Trust dated 8/19/99, will assume and does hereby agree to comply with all outstanding obligations of the Mortgage and the Mortgage Note.

2.    This instrument shall be recorded in the Office of the National Vessel Documentation Center and shall be part of the Mortgage as fully as if the same were incorporated therein.



**EXHIBIT** C

CAMELOT CASINO CRUISES, INC.

By: _____
SOLOMON DWEK, Vice President
Former Mortgagor

_____
WINSTON KNAUSS
Mortgagee

_____
BERNIE WEINTRAUB, as Trustee
of the SPACE COAST CRUISES
Revocable Trust dated 8/19/99
New Mortgagor and Owner

STATE OF _New Jersey_
COUNTY OF _Monmouth_

The foregoing instrument was acknowledged before me this 8th day of _March_, 2000, by SOLOMON DWEK, who is personally known to me or has produced _____ as identification.

_____
Printed Name: _AMY F. ANNECHARICO_
Notary Public - State of _New Jersey_
My Commission expires:

AMY F. ANNECHARICO
Notary Public of New Jersey
My Commission Expires May 16, 2004

STATE OF FLORIDA
COUNTY OF BREVARD

The foregoing instrument was acknowledged before me this _13_ day of _March_, 2000, by BERNIE WEINTRAUB, as Trustee of the SPACE COAST CRUISES Revocable Trust dated 8/19/99, who is personally known to me or has produced _Fla. Drivers License_ as identification.

_____
Printed Name: _Sharon Lee Netzley_
Notary Public - State of Florida
My Commission expires:

Sharon Lee Netzley
Notary Public, State of Florida
Commission No. CC 653412
My Commission Exp. 06/05/2001
1-800-3-NOTARY - Fla. Notary Service & Bonding Co.

STATE OF FLORIDA
COUNTY OF __Broward____

The forcgoing instrument was acknowledged before me this __3rd__ day of
__March__, 2000, by WINSTON KNAUSS, who is personally known to me or has
produced _____ as identification.

Elizabeth M Lucas
My Commission CC876650
Expires November 12, 2003

Printcd Name: __Elizabeth M Lucas_____
Notary Public - State of Florida
My Commission expires:

PROMISSORY NOTE

$950,000.00

Offshore Florida
June 6, 2000

For value received, the undersigned BERNIE WEINTRAUB, as Trustee of SPACE COAST CRUISES, a Revocable Trust dated 8/19/99, promises to pay to the order of WINSTON KNAUSS the principal sum of $950,000.00 together with interest thereon from the 1st day of December, 1998, at the rate of 10% simple interest per annum until maturity.  Said interest being payable beginning on the 1st day of January, 1999, without notice, and monthly thereafter, interest being payable in lawful money of the United States of America, to WINSTON KNAUSS, 426 North New River Drive East, Fort Lauderdale, Florida 33301, or at such other place as the holder hereof may designate in writing.  Interest payable in 24 installments of $7,916.67 per month beginning on the 1st day of January, 1999, and continuing until the 1st day of December, 2000.  Each installment shall be interest only.

On the 1st day of January, 2001, the last installment is due in its entirety in the amount of $950,000.00.  Any nonpayment in full will be considered a default in the terms of this note.

Each maker and endorser severally waives demand, protest and notice of maturity, nonpayment or protest and all requirements necessary to hold each of them liable as makers and endorsers.

Each maker and endorser further agrees, jointly and severally, to pay all costs of collection, including attorney's fees, expenses, and costs (whether incurred in bankruptcy, on appeal or otherwise) in case the principal of this note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

Each maker and endorser further agrees, jointly and severally, to pay all costs involved with repossession, storage, maintenance, repairs, etc., including attorney fees, should it become necessary for holder hereof to repossess the vessel.

This note and deferred interest payments shall bear interest at the rate of 10% per annum from maturity until paid.  There shall be no prepayment penalty.

Prepayment of principal in amount less than sum owed shall be acceptable.  In the event of prepayment, monthly payments shall be



EXHIBIT D

adjusted to 10% simple interest per annum of the then outstanding principal balance.

If any installments of principal and/or interest or late fees are not paid when due, then this note shall be in default, and if the default is not cured within 10 days after delivery of written notice of default to the last known address of the maker, then (1) at the holder's option and without further notice, the entire unpaid balance of principal and all accrued interest and all accrued late payment penalties, shall immediately become due and payable, and, (ii) this note shall bear interest at the rate of 10% per annum during any period of default. Notwithstanding the foregoing, if the interest and other charges exceed the maximum lawful rate under applicable usury laws, then the interest and other charges under this note shall be reduced to the maximum lawful rate.

A late payment penalty of 10% ($791.67) per month shall be due, if payment is 5 days or more late. The late payment penalty shall not be applied to either principal or interest.

This Note is secured by a First Preferred Ship's Mortgage previously placed against the Vessel, one 1997 85' Marine Builders, Inc., known as SIR WINSTON, bearing the Official No. of 1056516 and the Hull Identification Number of 205, which Mortgage has been assumed by Space Coast Cruises, and is to be construed and enforced according to Federal Law, but where there are gaps in Federal Law, the Laws of the State of Florida shall prevail.

It is also agreed by borrower that the vessel shall be fully insured and that the "First Loss Payee" shall be WINSTON KNAUSS, who will also be "Additional Insured", until the note is paid in full.

Except for any notice specifically provided above, the undersigned waives demand, protest and notice of demand, protest and nonpayment.

This note is binding on all parties, their successors and heirs.

BERNIE WEINTRAUB, Trustee of SPACE
COAST CRUISES, a Revocable Trust
dated 8/19/99

## MARITIME/INTERNATIONAL WATERS CLOSING AFFIDAVIT

BEFORE ME, the undersigned, a licensed captain of the M/V _S/R WINSTON (PHINF)_ personally appeared WINSTON KNAUSS, the Lender, and BERNIE WEINTRAUB, the Trustee of Space Coast Cruises, a Revocable Trust dated 8/19/99, the Borrower, who, being by me first duly sworn, stated:

1.     On the date hereof, the Borrower executed a Promissory Note (the "Note") of even date herewith in the principal amount of $950,000.00 in favor of Lender on the M/V _S/R WINSTON (DINGHY)_ at a latitude of _26.05_ N and longitude of _80.07_ W

2.     The Borrower personally delivered the Note to Lender and Lender accepted the Note on the date hereof on the M/V _S/R WINSTON (DINGHY)_ a latitude of _26.05_ N and longitude of _80.07_ W

DATED this _6_ day of _JUNE_____, 2000.

Signature of Borrower's authorized agent

BERNIE WEINTRAUB, as Trustee for
Space Coast Cruises, a Revocable Trust
dated 8/19/99

Signature of Lender

WINSTON KNAUSS
Lender

Sworn to and subscribed before me this
_6_ day of _June_____, 2000.

Printed Name: _Diane Knauss_
Captain of the M/V _Sir Winston Dinghy_

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1332A (Rev. 6-93) | | | ...ERAL INDEX OR ABSTRACT OF...LE CONTINUATION SHEET NO. 2 | | | OFFICIAL NO. 1056516 |
|---|---|---|---|---|---|---|
| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
| AFFM | 100 | 03 13 00 | $950,000.00 | | 00~65 | 359 |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| NVDC | | 06 07 00 | | 11 19 AM | | - - - |

**GRANTOR**

BERNIE WEINTRAUB, TRUSTEE OF THE SPACE COAST
CRUISES REVOCABLE TRUST  DTD 8/19/99

**GRANTEE**

WINSTON KNAUSS

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| - | - | - | | - | - | - |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| | - | | - | | - | - - - |

**GRANTOR**

NA

**GRANTEE**

****VESSEL NAME CHANGED TO:  CANAVERAL STAR  7/6/00****

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| - | - | - | | - | - | - |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| | - | | - . | | - | - - - |

**GRANTOR** Pursuant to order of US Bankruptcy Court (Middle Dist Florida) case no.
99-18423-8G1, dated 1/28/2000, the claims of lien recorded at Bk 99-92
page 475 (Dejong & Lebet, inc) and Bk 99-114 page 601 (IRS) are to be
removed from the record.

**GRANTEE**

NA

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| PM | 100 | 06 08 00 | $250,000.00 | | 00~65 | 576 |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
| NVDC | | 08 08 00 | | 11 18 AM | | - - - |

**GRANTOR**
BERNIE WEINTRAUB, TRUSTEE OF SPACE COAST CRUISES REVOCABLE TRUST DATED
AUGUST 19, 1999

**GRANTEE**
HARDING INVESTMENT FUNDS INC
2265 LEE ROAD - SUITE 103
WINTER PARK FL  32789

☑ ISSUED AS AN ABSTRACT OF TITLE          ☐ ISSUED FOR CHANGE OF PORT OF RECORD

DATE: 11|30|00    TIME: 00 of 8AM

PAGE: 3 OF 3    PORT: NVDC

_K. Beeler_
DOCUMENTATION OFFICER

PREVIOUS EDITION MAY BE USED

**EXHIBIT  E**

DEPARTMENT OF
TRANSPORTATION
U.S. COAST GUARD
CG-1332A (Rev. 8-93)

GENERAL INDEX OR ABSTRACT OF TITLE
CONTINUATION SHEET NO.

OFFICIAL NO.
1056516

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| CL | — | 6 24 99 | $2,738.10 | | 99-32 | 475 |

| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
|---|---|---|---|---|---|---|
| NVDC | | 6 28 99 | | 7 20 AM | | – – – |

GRANTOR

NA

GRANTEE

CLAIMANT: DEJONG & LEBET INC
1734 EMERSON ST JACKSONVILLE FL 32207

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| CL | | 10 01 99 | $192,847.18 | | 99-114 | 601 |

| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
|---|---|---|---|---|---|---|
| NVDC | | 10 4 99 | | 3:01 PM | | – – – |

GRANTOR
N/A

GRANTEE
CLAIMANT:    DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE
3848 W COLUMBUS DRIVE  TAMPA FL 33607

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| BS | 100 | 03 10 00 | $1.00 | | 00-63 | 51 |

| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
|---|---|---|---|---|---|---|
| NVDC | | 06 07 00 | | 11 19 AM | | – – – |

GRANTOR
CAMELOT CASINO CRUISES, INC.

GRANTEE
BERNIE WEINTRAUB, TRUSTEE OF THE
SPACE COAST CRUISES REVOCABLE TRUST DATED  8/19/99

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | PAGE |
|---|---|---|---|---|---|---|
| PM | 100 | 04 28 00 | $2,150,000.00 | | 00-63 | 52 |

| FILED PORT | | DATE | | TIME | | DATE TERMINATED |
|---|---|---|---|---|---|---|
| NVDC | | 06 07 00 | | 11 19 AM | | – – – |

GRANTOR
BERNIE WEINTRAUB, TRUSTEE OF THE
SPACE COAST CRUISES REVOCABLE TRUST  DATED 8/19/99

GRANTEE
CAMELOT CASINO CRUISES, INC.
1906 HIGHWAY 35
OAKHURST NJ  07755

☐ ISSUED AS AN ABSTRACT OF TITLE          ☐ ISSUED FOR CHANGE OF PORT OF RECORD

DATE:                TIME:

PAGE:      OF        PORT:

DOCUMENTATION OFFICER

PREVIOUS EDITION MAY BE USED

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1332 (Rev. 6-93) | GENERAL INDEX OR ABSTRACT OF TITLE | OMB APPROVED 2115-0110 |
|---|---|---|

VESSEL BUILT AT UTICA, IN _____

(AND) _____ IN 1997 _____

BY MARINE BUILDERS, INC. _____

FOR WINSTON KNAUSS _____

BUILDER'S CERTIFICATE DATED 8/20/97 _____

TITLE ASSIGNED TO N/A _____

1056516
(OFFICIAL NUMBER)

205 _____
(HULL ID NUMBER)

(5 _____

(4 _____

(3 _____

(2 _____

(1 SIR WINSTON _____
NAME OF VESSEL

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | | PAGE |
|---|---|---|---|---|---|---|---|
| BS | 100 | 12 14 98 | $1.00 | | - - - | | - - - |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED | |
| NVDC | | 12 28 98 | | 10 15 am | | 1 21 99 | |

GRANTOR
WINSTON KNAUSS

GRANTEE
CAMELOT CASINO CRUISES, INC.

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | | PAGE |
|---|---|---|---|---|---|---|---|
| BS | 100 | 12 14 98 | $1.00 | | 99-07 | | 410 |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED | |
| NVDC | | 1 11 99 | | 8 52 am | | - - - | |

GRANTOR
WINSTON KNAUSS

GRANTEE
CAMELOT CASINO CRUISES, INC.

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | | BOOK | | PAGE |
|---|---|---|---|---|---|---|---|
| PM | 100 | 12 14 98 | $950,000.00 | | 99-07 | | 411 |
| FILED PORT | | DATE | | TIME | | DATE TERMINATED | |
| NVDC | | 12 28 98 | | 10 15 am | | - - - | |

GRANTOR
CAMELOT CASINO CRUISES, INC.

GRANTEE
WINSTON KNAUSS

**** VESSEL NAME CHANGED TO:  EXCALIBUR 1/21/99 ****

☐ ISSUED AS AN ABSTRACT OF TITLE          ☐ ISSUED FOR CHANGE OF PORT OF RECORD

DATE:                    TIME:

PAGE:      OF          PORT:

DOCUMENTATION OFFICER

PREVIOUS EDITION MAY BE USED

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**00-7779**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV - JORDAN**

## (a) PLAINTIFFS

WINSTON KNAUSS

## DEFENDANTS

M/V "CANAVERAL STAR" f/k/a M/V "EXCALIBU f/k/a/ M/V "MR. WINSTON", an 85' passeng vessel, U.S.C.G. No.105616, her masts, towers, boilers, cables, **MAGISTRATE**m.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Broward

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    **DANDSTRA**

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A: Broward/O: 00CV7779 Jordan/TEB

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Laurence F. Valle, Esq. - Valle & Craig
80 S.W. 8th Street, Suite 2520, Miami, FL
(305) 373-2888

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

## I. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
      Plaintiff

☐ 3 Federal Question
      (U.S. Government Not a Party)

☐ 2 U.S. Government
      Defendant

☐ 4 Diversity
      (Indicate Citizenship of Parties
      in item III)

Admiralty Action In Rem

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                              AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation   Vessel located in this district. | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

Transferred from
☐ 5 another district
      (specify)

☐ 6 Multidistrict
      Litigation

Appeal to District
Judge from
☐ 7 Magistrate
      Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL INJURY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

ADMIRALTY AND MARITIME ACTION IN REM TO FORECLOSE ON A FIRST
PREFERRED SHIP'S MORTGAGE

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire ca

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ☐ YES    ☐ NO

## VIII. RELATED CASE(S)    (See instructions):
IF ANY

JUDGE    Hon. Paul M. Glenn

99-19423-8GI
DOCKET NUMBER _ USBC Middle Dist of Florida _

Present owners purchased the vessel from a corporation in Bankruptcy, free and clear of Bankruptcy by Order of the
Bankruptcy Court dated 1/28/2000

DATE

Dec. 5, 2000

FOR OFFICE USE ONLY

521090          $150.00          12-05-00

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____